UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
DIATEK LICENSING LLC,                                                   :
                                                                        :
                              Plaintiff,                :
                                                                        :       22-cv-3508 (LJL)
      -v-                                                               :
                                                                        :      MEMORANDUM &
ESTRELLA MEDIA, INC.,                                                   :          ORDER
                                                                        :
                              Defendant.                :
                                                                        :
-----------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/04/2022

LEWIS J. LIMAN, United States District Judge:

       Defendant Estrella Media, Inc. moves for a stay pending resolution of the motion to dismiss in a parallel case, *Diatek Licensing LLC v. AccuWeather*, No. 1:21-cv-11144 (S.D.N.Y.) ("*AccuWeather*"), Dkt. Nos. 26–29. Diatek filed its complaint in *AccuWeather* on December 29, 2021, alleging infringement of the very same patents—U.S. Patent Nos. 7,079,752 and 8,195,828—involved in this case. *AccuWeather*, Dkt. No. 1. The defendant in *AccuWeather* has moved to dismiss the complaint on the grounds of patent ineligibility under *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208 (2014). *AccuWeather*, Dkt. No. 26. Diatek filed its complaint in this proceeding on April 29, 2022, Dkt. No. 1, and Estrella has moved to dismiss the complaint on identical grounds, or in the alternative, seeks a stay pending the outcome of the motion to dismiss in *AccuWeather*, Dkt. No. 21. Estrella has agreed to be bound by the outcome of the motion to dismiss in *AccuWeather*, Dkt No. 36 at 2, and Diatek agreed as well at the initial pretrial conference. The motion to dismiss in *AccuWeather* became fully submitted on August 15, 2022, *AccuWeather*, Dkt. No. 29, and in the instant case, the motion for a stay became fully submitted on September 23, 2022, Dkt. No. 36, although Diatek filed an amended complaint following Estrella's filing of its motion to dismiss, Dkt. No. 27. No pretrial conference has been scheduled, and discovery has not commenced, in *AccuWeather*. Discovery also has not commenced in this later-filed case.

       "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "[A] court might, in the interest of judicial economy, enter a stay pending the outcome of proceedings which bear upon the case, even if such proceedings are not necessarily controlling of the action that is to be stayed." *LaSala v. Needham & Co.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005). The factors considered in deciding whether to grant a stay are "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of

the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996).[1] "These *Kappel* factors have been applied, *inter alia*, 'to stay a federal action in light of a concurrently pending federal action (either because the claim arises from the same nucleus of facts or because the pending action would resolve a controlling point of law).'" *Needham & Co.*, 399 F. Supp. at 427.

On the peculiar facts of this case, a stay pending resolution of the motion to dismiss in *Accuweather* is justified. First, Plaintiff has not shown prejudice to it aside from the prejudice present in every stay that it will be delayed in prosecuting its case. *See Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 277 F.R.D. 84, 88 (W.D.N.Y. 2011) (stating "delay alone is insufficient to prevent a stay" in the context of a patent infringement claim). Plaintiff never describes using the patent in its complaint or opposition to the motion, no discovery has been undertaken, and Plaintiff identifies no evidentiary issues that would arise from delaying discovery. Second, Estrella has identified that discovery would require it to produce "documents relevant to the function of the accused technology"—including "highly confidential source code"—and documents concerning damages requests, and that it will have to conduct "document review for confidentiality and privilege concerns," which are likely to be substantial. Dkt. No. 36 at 6. Such discovery burdens are typically defendant-heavy, *see In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) ("[T]he bulk of the relevant evidence usually comes from the accused infringer."), and "to begin discovery in this case now would risk wasting time and resources on claims that [Plaintiff] may be collaterally estopped from asserting," *Marine Travelift, Inc. v. K. Graefe & Sons Corp.*, 2016 WL 8711453, at *2 (S.D.N.Y. June 3, 2016).

Third, with respect to the interests of the courts, issuing a stay and allowing Judge Cronan to first decide the controlling point of law comports with the "interests of comity," *Castillo v. Taco Bell of Am., LLC*, 960 F. Supp. 2d 401, 404 (E.D.N.Y. 2013), the avoidance of "inconsistent adjudication," *Regions Bank v. Wieder & Mastroianni, P.C.*, 170 F. Supp. 2d 436, 439 (S.D.N.Y. 2001) (internal quotation marks omitted), and conservation of judicial resources, *id.,* most commonly associated with the first-filed rule. While the defendants are different, the plaintiffs are nonetheless the same, the claims both concern patent infringement, and the issues raised in the motions to dismiss by AccuWeather and Estrella are virtually identical and involve no questions of fact. *See Waters v. Drake*, 2021 WL 980882, at *2 (E.D.N.Y. Mar. 16, 2021) (applying first-filed rule, even when second action by the same plaintiff involved additional defendants and claims, because of presence of a dispositive issue). Estrella has also, importantly, represented to the Court that it "agrees to adopt Judge Cronan's decision, removing any doubt that the decision in *AccuWeather* will simplify the issues before this Court. . . . estopping Estrella from relitigating the same arguments," Dkt. No. 36 at 2, further ensuring that a stay would achieve these goals. Finally, these principles squarely apply here, even when the parties may differ and the cases are within the same district. *See Burns v. Cnty. of Nassau*, 337 F. Supp. 3d

---

[1] Because the Court is considering a motion to dismiss in a concurrent federal proceeding, rather than the moot motion to dismiss in the instant case, and because Defendant moves for "stay of the case" and not simply a stay of discovery, the Court need not use the "good cause" standard under Federal Rule of Civil Procedure 26(c) of "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). The Court also declines to apply the three-part standard from Plaintiff, see Dkt. No. 21 at 1 (citing *Rovi Guides v. Comcast*, 2017 WL 4876305, *3 (S.D.N.Y. Oct. 27, 2017)), because those cases involve a stay pending resolution of an *inter partes* review before the Patent Trial and Appeal Board—although these factors overlap with those applied here.

210, 214 (E.D.N.Y. 2018) ("[C]ourts have thus applied the first-filed rule to cases present before the same court."); *Oleg Cassini, Inc. v. Serta, Inc.*, 2012 WL 844284 at *3 (S.D.N.Y.2012) (for the first-filed rule to apply "issues need not be identical, and the named parties need not be entirely the same provided that they represent the same interests").

As for the fourth and fifth factors, neither party has indicated how the stay would affect third parties, so the effect is neutral. The ability to coordinate discovery, however, would also allow for third-party benefits. Defendant has also noted that the benefits from court resources also implicate the public interest, Dkt. No. 36 at 7, and Plaintiff did not identify any harmful effects on the public interest.

The motion to stay the case is GRANTED pending resolution of the motion to dismiss in *AccuWeather*. The motion to dismiss is DENIED as moot. The Clerk of Court is respectfully directed to close Dkt. No. 21.

SO ORDERED.

Dated: October 4, 2022
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge